IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

CARL ANTHONY SMITH                                                            PLAINTIFF

vs.                                                         CIVIL ACTION NO. 3:14CV172-SAA

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY                                               DEFENDANT

## MEMORANDUM OPINION

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Carl Anthony Smith for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Plaintiff protectively filed an application for benefits on June 17, 2011, alleging disability beginning on March 28, 1998.[1] Docket 8, p. 138-43. Plaintiff's claim was denied initially on December 28, 2011, and upon reconsideration on February 1, 2012. *Id.* at 65-66, 85-88, 93-95. He filed a request for hearing (*id.* at 96-98) and was represented by counsel at the hearing held on February 25, 2013. *Id.* at 26-61. The Administrative Law Judge (ALJ) issued an unfavorable decision on March 29, 2013, and on May 19, 2014, the Appeals Council denied plaintiff's request for a review. *Id.* at 10-20, 4-6. Plaintiff timely filed the instant appeal from the ALJ's most recent decision, and it is now ripe for review.

Because both parties have consented to have a magistrate judge conduct all the proceedings in this case as provided in 28 U.S.C. § 636(c), the undersigned has the authority to

---

[1] Plaintiff amended his onset date at the hearing to January 1, 2000. Docket 8, p. 31.

1

issue this opinion and the accompanying final judgment.

## I. FACTS

Plaintiff was born on August 10, 1954 and was 58 at the time of the hearing. Docket 8, p. 34. He has a college education, and the ALJ found that his past relevant work was as a general clerk. *Id.* at 39, 42-43, 62. He contends that he became disabled before his application for benefits as a result of arthritis, diabetes, high blood pressure, and back and prostate problems. *Id.* at 214, 217.

The ALJ determined that plaintiff suffered from "severe" impairments including "degenerative disc disease, diabetes mellitus, and obesity," (Docket 8, p. 15), but that these impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (416.920(d), 416.925 and 416.926 ). *Id.* at 16. Based upon testimony by the vocational expert [VE] at the hearing and upon consideration of the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity (RFC) to

> perform light work as defined in 20 CFR 416.967(b) except the claimant can occasionally stoop, kneel, climb and balance. He can occasionally climb ramps and stairs. He cannot climb ropes, ladders or scaffolds. The claimant must avoid exposure to hazards such as unprotected heights and moving machinery.

Docket 8, p. 17. Upon further analysis under applicable rulings and regulations, the ALJ found plaintiff to be less than fully credible in that the intensity, persistence and limiting effects he claimed due to his symptoms were not credible. *Id.* at 18. After evaluating all of the evidence in the record, including testimony of a VE and the testimony of plaintiff's friend Margaret King, the ALJ held that plaintiff could perform his past relevant work as a general clerk. *Id.* at 19. As a result, the ALJ concluded that plaintiff is not disabled under the Social Security Act. *Id.* at 20.

Plaintiff claims that the ALJ erred because she did not properly calculate whether plaintiff's income met the threshold for substantial gainful activity ("SGA"), improperly concluded that the GRIDS do not apply, and inadequately considered the effects of obesity in combination with plaintiff's other impairments.

## II. STANDARD OF REVIEW

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[2] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[3] First, plaintiff must prove he is not currently engaged in substantial gainful activity.[4] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits [his] physical or mental ability to do basic work activities . . . ."[5] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2010).[6] If plaintiff does not meet this burden, at step four he must prove that he is incapable of meeting the physical

---

[2]*See* 20 C.F.R. § 416.920 (2010).

[3]*Crowley v. Apfel,* 197 F.3d 194, 198 (5th Cir. 1999).

[4]20 C.F.R. § 416.920(b) (2010).

[5]20 C.F.R. § 416.920(c) (2010).

[6]20 C.F.R. § 416.920(d) (2010). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any gainful activity." 20 C.F.R. § 416.925 (2003).

and mental demands of his past relevant work.[7] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[8] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[9]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Crowley v. Apfel,* 197 F.3d 194, 196 (5th Cir. 1999), citing *Austin v. Shalala*, 994 F.2d 1170 (5th Cir. 1993); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[10] even if it finds that the evidence leans against the Commissioner's decision.[11] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence

---

[7] 20 C.F.R. § 416.920(e) (2010).

[8] 20 C.F.R § 416.920(g) (2010).

[9] *Muse*, 925 F.2d at 789.

[10] *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[11] *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

## III. DISCUSSION

**A. Whether the ALJ properly determined that plaintiff's work as general clerk was substantial gainful activity?**

According to plaintiff, the ALJ erred when she concluded that work performed for a five-month period beginning April 2002 and ending September 2002[12] was properly categorized as substantial gainful activity ("SGA"). Docket 12, p. 7-8. He argues that this flawed determination resulted in the ALJ concluding at step four that plaintiff is able to return to his past work. *Id.* Past relevant work is work performed within the last 15 years, that qualified as SGA and lasted long enough for plaintiff to learn the job. 20 C.F.R. § 416.960(b)(1). Plaintiff argues that his work as a general clerk was an unsuccessful work attempt ("UWA") rather than SGA. *Id.* The Commissioner responds that the ALJ properly concluded that plaintiff's employment as a general clerk in 2002 qualified as SGA because his earnings were higher than the earnings

---

[12]Plaintiff states that he was employed as a general clerk for a landscape company from April 2002 to September 2002. However, the Commissioner refers to a three-month period in 2004 in which plaintiff was employed as a general clerk. The time period for this employment does not matter as both periods fall within the last 15 years.

5

amount set out by regulations, and therefore created a rebuttable presumption of SGA. Docket 13, p. 12.

Under 20 C.F.R. § 416.974(c)(1) an individual will be considered to have made an unsuccessful work attempt if he worked for six months or less, and his impairment forced him to stop work resulting in earnings falling below SGA. Additionally, there must be a break (at least 30 days) in employment before and after the UWA, and one of the following factors must be met:

> (1) you were frequently absent from work because of your impairment:
> (2) your work was unsatisfactory because of your impairment;
> (3) you worked during a period of temporary remission of your impairment;
> (4) you worked under special conditions that were essential to your performance and these conditions were removed.

20 C.F.R. § 416.974(c)(4). Because a friend gave him the job as a general clerk and the job would not have been available otherwise, says plaintiff, the ALJ should have considered as the employment as "working under special conditions that were essential to . . . performance." Docket 12, p. 7. However, a review of the record does not provide any support for plaintiff's assertion that he worked under special conditions that were essential to his performance and that those conditions were removed. Additionally, there is no evidence that plaintiff's impairment forced him to quit working as a general clerk. In fact, on his Work Activity Report, plaintiff did not check the box that stated "special conditions at work related to my medical condition that allowed me to work were removed" as the reason for stopping work. Docket 8, p. 167.

The Fifth Circuit has held that the earnings amounts set out in the regulations create a rebuttable presumption of SGA. *White v. Heckler*, 740 F. 2d 390, 394 (5th Cir. 1984). The earnings amount published on the Official Social Security Website for 2002, the year during

6

which plaintiff worked as a general clerk, was $780 a month. The undersigned agrees with the Commissioner that plaintiff's earnings were higher than the earnings amount set out by regulations, and therefore created a rebuttable presumption of SGA. Plaintiff attempts to rebut this presumption, noting that a SSA employee concluded that his work as a general clerk was an unsuccessful work attempt and not SGA, and the vocational expert "VE" testified that three months as a general clerk likely was insufficient time to learn the job. Docket 8, p. 59. However, the ALJ is the proper individual to make the decision whether plaintiff's work was UWA, not an SSA staff member. Further, as noted by the ALJ in her opinion, the DOT "defines SVP3 as taking up to three months to learn any given job." Docket 8, p. 20. Last, the Fifth Circuit has held that VE testimony is not necessary to the determination of whether a plaintiff is capable of performing past work. *Williams v. Califano*, 590 F.2d 1332, 1334 (5th Cir. 1980). Because plaintiff has failed to rebut the presumption that his previous work is considered SGA, the ALJ's conclusion is supported by substantial evidence.

In a continuation of this assignment of error, plaintiff argues that the ALJ should have applied the GRIDS[13] to reach the conclusion that he is disabled.[14] However, as noted by the Commissioner, because the ALJ properly determined that plaintiff could perform his past

---

[13]20 C.F.R. Part 404, Subpart P, App. 2. The GRIDS become relevant when an individual has a severe medically determinable physical or mental impairment, is not working at SGA level and the impairment prevents the individual from performing any of his past relevant work.

[14]As an alternative argument, plaintiff briefly mentions in one sentence that a previous application should be reopened. Docket 10, p. 10. Plaintiff does not provide any support for this argument; it appears that the previous application was denied in September 2010, and the ALJ in the current case elected not to reopen it. Without further factual and legal support, this court is without sufficient information to even consider such a request.

relevant work, application of the GRIDS would have been improper. As discussed above, the ALJ properly concluded that plaintiff's work as a general clerk was performed within the last 15 years, that the work was SGA, and that plaintiff had sufficient time to learn the job. Once an ALJ has determined that a plaintiff may return to his past relevant work, application of the GRIDS is neither necessary nor appropriate. The Fifth Circuit has held that "the Medical-Vocational Guidelines [GRIDS] apply only when the ALJ reaches step five and finds that the claimant is unable to perform claimant's past relevant work." *Wren v. Sullivan*, 925 F.2d 123, 129 (5th Cir. 1991). Because the ALJ properly determined that plaintiff could return to his past work, application of the GRIDS would have been improper, and plaintiff's argument to the contrary is without merit.

**B. Whether the ALJ properly considered plaintiff's obesity.**

Plaintiff admits that the ALJ did discuss his obesity at step two when reaching plaintiff's RFC, but finds fault with the ALJ's failure to thoroughly discuss his obesity at step three when determining whether he met a listing. Docket 12, p. 11. The Commissioner responds that the ALJ did thoroughly examine plaintiff's obesity singularly and in combination with his other impairments and points out that plaintiff has provided no medical opinion or clinical evidence in the record to support a finding that plaintiff has an impairment that met or equaled a listing, even when considered in combination with his obesity. Docket 13, p. 17.

Even though obesity, standing alone, is longer grounds for a finding of disability, nevertheless the Commissioner is obligated to consider evidence of obesity to determine whether it contributes to the plaintiff's other impairments to such a degree that he is disabled. *Beck v. Barnhart*, 205 Fed. Appx. 207, 212 (5th Cir. 2006). The undersigned concludes that the ALJ

8

properly considered plaintiff's obesity and determined that it did not contribute to any of his other impairments to such a degree that he is disabled. Even though not in relation to Step 3, the ALJ did conclude that "claimant's obesity and its effect on co-existing impairments were taken into account in determining the residual functional capacity and reaching the conclusions herein." Docket 8, p. 16. Further, the ALJ noted "the claimant's obesity, in combination with his degenerative disc disease, may cause some exertional limitations. However, such limitations have been addressed in the above residual functional capacity by reducing claimant's exertional capacity to light work." *Id.* at 19. Simply put, plaintiff has not provided any evidence to support his assertion that the ALJ should have concluded that plaintiff's obesity when considered in combination with any other impairment satisfies a listing. Therefore, this assignment of error is without merit.

## IV. CONCLUSION

After diligent review, the court holds that the ALJ's decision was supported by substantial evidence and must be affirmed. A final judgment in accordance with this memorandum opinion will issue this day.

SO ORDERED, this, the 19th day of March, 2015.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE

9